## Meinke v. Meinke
*[Cite as 8 AOA 35]*

*Case No. 89 CA 73*
*Miami County, (2nd)*
*Decided November 28, 1990*

*Peter R. Certo, Jr., 2278 S. Smithville Road, Kettering, Ohio 45420, Attorney for Plaintiff-Appellant.*

*J. Richard Gaier, 111 W. Ash Street, Piqua, Ohio 45356 Attorney for Defendant-Appellee.*

WOLFF, P.J.,

George H. Meinke appeals an Order which sustained in part his former wife, Mary C. Meinke's motion, filed May 22, 1989, to limit the amount of income tax George could have withheld from his retirement benefits from the United States Air Force.

George and Mary entered into a separation agreement June 5, 1985, which was incorporated into and made a part of their final decree of dissolution, granted July 22, 1985. Article 11 of the separation agreement contains the formula establishing Mary's share of George's retirement pay. Article 11 states:

"ARTICLE 11. RETIREMENT BENEFITS

Upon Husband's retirement from the U.S. Air Force, Wife shall be entitled to receive a percentage of his *net retirement*. This percentage shall be figured as follows: 16 divided by the number of years Husband served in the Air Force, times 50% of his net retirement. Wife shall be entitled to receive this percentage as long as Husband's retirement benefits remain in effect." (Emphasis ours.) George retired after 20 years in the Air Force.

At the time they entered into this agreement, the parties agreed that the three minor children would be placed in Mary's custody, that George would pay the sum of $434 per month, per child, and that, in the event that Mary would start to receive the retirement benefits which are the subject of this appeal, and child support was still being paid, the child support would be reduced by $100 per child per month.

Forty-six months after the parties' dissolution of marriage was granted, Mary moved for an order granting payment to her of retirement benefits in the amount of $724.35 per month, or such other amount as the court deemed proper, and/or adjustment in the amount of income tax that could be withheld from George's Air Force retirement benefits. Mary also requested reimbursement for her portion of the income tax withheld for 1988. She alleged in her motion that George had arbitrarily increased the amount of income tax to be withheld from his retirement pay, thereby lowering the amount of Mary's share. George's tax bracket increase was the result of post retirement employment that provided him with additional income.

George filed a timely response denying that any arbitrary action had been taken and explained that the amount of income tax withheld from Mary's share of the retirement pay had been determined by the Advocate General at the United States Air Force Finance Center.

The trial court sustained Mary's motion in part, finding that the parties, at the time of the separation agreement, did not contemplate George's post retirement income from private industry, and that they intended Mary's share to be "40% of his retirement pay when taxed at the tax rate applicable for that year only on that amount and for (George's) tax liability as if that were the only income he had for that year." The court also required George to annually recalculate his contractual obligation and reimburse Mary any sums that might be due her as a result of insufficient monies remaining after taxes were withheld by the United States Air Force. Essentially, the trial court held that "net retirement" meant George's retirement pay less those taxes to be paid on it, as if his retirement pay were his only income. The trial court overruled Mary's motion to the extent that it sought an order that George pay her $724.35 per month as her share, and to the extent that it sought an order limiting what he could have withheld from his retirement income.

George advances five assignments of error, all of which we sustain. The first four assignments are as follows:

FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN FINDING FOR THE COURT OF APPEALS SECOND APPELLATE DISTRICT MOVANT/APPELLEE BECAUSE SHE DID NOT SUSTAIN THE BURDEN OF PROOF ON HER MOTION.

SECOND ASSIGNMENT OF ERROR
THE TRIAL JUDGE ABUSED HIS DISCRETION BY BASING HIS DECISION ON FACTS NOT IN THE RECORD.

THIRD ASSIGNMENT OF ERROR
APPELLANT DID NOT VIOLATE THE TERMS OF THE SEPARATION AGREEMENT WHEN ADDITIONAL TAXES WERE WITHHELD FROM HIS MILITARY RETIREMENT PAY UNDER 10 U.S.C. 1408, WHICH STATES THAT "DISPOSABLE RETIRED PAY MEANS TOTAL MONTHLY RETIRED PAY LESS AMOUNTS WHICH ARE PROPERLY WITHHELD FOR FEDERAL, STATE, OR LOCAL INCOME TAX PURPOSES."

## FOURTH ASSIGNMENT OF ERROR
### THE TRIAL COURT ERRED IN THE ADDITION OF TERMS TO THE PROPERTY SETTLEMENT AFTER IT HAD BEEN INCORPORATED INTO THE FINAL DECREE BECAUSE O.R.C. 3105.65 LIMITS THE COURT'S JURISDICTION TO MATTERS OF CUSTODY, CHILD SUPPORT, VISITATION MATTERS, AND THE ENFORCEMENT OF THE DECREE.

These assignments raise a single issue for review: whether the trial court erred in interpreting the phrase "net retirement". Defining "net retirement" involved determining the intent of the parties. Mary did not testify or otherwise provide evidence of the parties' intent.

The record did contain the parties' separation agreement which contained the provision that explained the parties' contractual arrangement regarding George's retirement pay benefits, and George's child support obligation. The evidence (Ex. A) also established that George's gross retirement income was $22,620 per year. Based on the evidence before the trial court, the court could have only concluded that George's additional income from non-retirement sources was foreseeable by the parties as an absolute necessity in order for him to meet his financial obligations under the separation agreement. Based on the evidence, the trial court could not have reasonably found that the parties contemplated that George's military retirement benefit would be his only post-retirement source of income. At the time of the dissolution, George was only thirty-nine years old and one year away from his military retirement. His child support obligation comprised fifty-three percent of his gross monthly retirement pay. Mary wanted another thirty-eight percent of this pay when she requested an order of $724 per month, which figure presumably represented her calculation of her monthly share of the retirement income. This would have left George with nine percent of his monthly military retirement pay - $170 - to meet his personal obligations.,

In his first assignment, George asserts that Mary did not meet her burden of proof because she offered no testimony and presented no evidence on the issue raised in this case. In our judgment, the only way that Mary should have prevailed was to establish that what the parties' bargained for was George's paying Mary 40% of his retirement pay less taxes assessed at the tax rate applicable for that year, and only on that amount, and as if that were the only income he had for that year. The trial court found so, but in the absence of any evidence to that effect, and contrary to the only reasonable inference to be drawn from the evidence: that the parties contemplated that George would hate additional, non-retirement income and a higher tax bracket as a result. "Net retirement" could only have meant gross retirement income minus those taxes assessed on that income based on George's actual tax bracket for the year in question.

In his second assignment, George asserts that the trial court acted unreasonably by basing its decision on facts not in the record. Based on the evidence actually before the trial court, it could have only reasonably concluded that additional employment was foreseeable as an absolute necessity for George to meet his financial obligations under the separation agreement. Without additional income, George would have become a pauper.

In his third assignment, George asserts that he did not violate the terms of his separation agreement by withholding additional income taxes from his military retirement pay. George's additional non-retirement income moved him into a higher tax bracket, and we do not understand Mary to complain about George's doing anything more than having withheld from his retirement pay those taxes to which that income was subject based on his actual bracket. Based on our foregoing discussion, we agree that George's withholding was consistent with what we have concluded is the meaning of "net retirement", as utilized in Article 11 of the Separation Agreement. We also observe that "net retirement", at least in this case, is consistent with the federal definition of "disposable retired or retainer pay". 10 U.S.C.1408(a) (4).

In his fourth assignment, George argues that the trial court unnecessarily added additional terms to the property settlement that had been incorporated into the parties' final decree. We find that the trial court did unnecessarily add to the decree when it required George to do a separate computation to arrive at Mary's share of the retirement pay, and to pay her the difference between her share taxed at George's actual bracket, and her share taxed at an artificial bracket based on no other income. By imposing that formula, the court modified the term "net retirement" as contained in Article 11 of the separation agreement. Indeed, by so doing, the trial court disturbed the parties' equitable division of that portion of George's total retirement income which they treated as marital property.

George's retirement income is subject to taxation at his actual rate. George's net benefit, as well as Mary's, is inversely proportional to his actual tax, bracket. Thus, their respective annual net shares increase or decrease as George's tax bracket decreases or increases. By requiring George to pay Mary the difference between her share as taxed at George's actual bracket rate and as taxed at an artifically lower rate, the court raised Mary's net share of the retirement income and, in effect, lowered George's net share.

George's fifth assignment of error states: THE TRIAL COURT'S DECISION VIO-LATES THE HOLDING OF THE UNITED STATES SUPREME COURT IN *MANSELL V. MANSELL* U.S. (1989), 109 S.Ct. 2023, 104 L. Ed. 2d 675.

George argues that the trial court erred by not recognizing that the dictates of *Mansell* are controlling in this case. Although we have not based the foregoing discussion on *Mansell*, we are nevertheless persuaded that *Mansell* would also be dispositive. *Mansell* held that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. 1408, did not give state courts the authority to treat total military retired pay as community property, but rather, only gave state courts the authority to treat "disposable retired pay" (retirement benefit minus certain deductions) as community property. In construing the statute, and emphasizing § 1408(c)(1), the court held that:

"*** under the Act's plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property; they have not been granted the authority to treat total retired pay as community property. *Id.* at 2028."

The Act, intended to preempt state law, provides that only "disposable retired" pay may be treated by state courts "either as property solely of the member or of the member and his spouse in accordance with the law of the jurisdiction of such court." § 1408(c) (1). Even though *Mansell* specifically dealt with a community property state, it is also controlling in equitable distribution states like Ohio. See footnote 2 at 2026.

The trial court apparently overlooked footnote 2 in determining that *Mansell* did not apply. The trial court also appears to have distinguished this case from *Mansell* on the basis that Article 11 of the separation agreement is a matter of contract rather than of court order. This attempted distinction, however, overlooks the fact that the disposition of retirement benefits in

*Mansell* also had its origins in the parties' separation agreement.

The assignments of error are sustained, and the order appealed from will be reversed. Pursuant to App. R. 12, our judgment entry will provide that "net retirement" means retirement income minus taxes assessed on that retirement income as a result of George's actual tax bracket.

FAIN, J., and GRADY, J., concur.